**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 20-21721-CIV-WILLIAMS/TORRES**

FUNDAMENTAL INNOVATION
SYSTEMS INTERNATIONAL LLC,

        *Plaintiff*,

   vs.

BLU PRODUCTS, INC.,

        *Defendant.*

_____

## PROTECTIVE ORDER

WHEREAS, Plaintiff Fundamental Innovation Systems International LLC ("Fundamental") and Defendant BLU Products, Inc. ("BLU"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a person who is not a Party to this Action ("Third Party") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by

affixing a legend or stamp on such document, information, material, or transmission email as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."  The legend or stamp shall be placed in the subject line of the transmission email or clearly on each page, electronic file, or electronic media containing electronic files of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by the court reporter or each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript under this Order.

2. Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY,"  or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      Information designated as CONFIDENTIAL information

(a)      For purposes of this Order, "CONFIDENTIAL" information shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any CONFIDENTIAL information obtained by any party from any person pursuant to

3

discovery in this litigation may be used only for purposes of this litigation, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. CONFIDENTIAL information shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)     All CONFIDENTIAL information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in section 5(a) above, shall be designated by the producing party by informing the receiving party of the designation in writing.

(c)     Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL information (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL information (or otherwise as appropriate) prior to furnishing copies to the receiving party.

(d)     The following information is not CONFIDENTIAL information:

     i.   Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

     ii.   Any information that the receiving party can show was already publicly known prior to the disclosure; and,

     iii.   Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

6.     The RESTRICTED - ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL information that constitutes (a) marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data

4

relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be treated as if designated RESTRICTED - ATTORNEYS' EYES ONLY. In determining whether information should be designated as RESTRICTED - ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

7.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court, or as set forth in paragraph 13 herein:

(a)      Outside litigation counsel of record for the Parties in this Action and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(b)      Technical advisers and their necessary support personnel, subject to the provisions of section 17(a) – (f) ("Technical Advisers") herein, and who have signed the form attached hereto as Attachment A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not current or former employees of a party) with whom counsel may deem it necessary to consult and who comply with the provisions of this order;

(c)      Up to two in-house counsel for each Party, who are members of at least one state or foreign bar in good standing, with responsibility for managing this litigation;

(d)      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

(e)      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; photocopy,

document imaging, and database services retained by counsel; and jury or trial consulting services.

8.  Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action shall not be used for any other purpose, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as expressly provided in this Order. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.  To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes documents containing computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10. For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in sections 7(a-b) and (d-e) subject to any terms set forth or incorporated therein and not any

person or entity listed in section 7(c).

11.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following restrictions apply:

(a)    The RESTRICTED CONFIDENTIAL SOURCE CODE designation is reserved for CONFIDENTIAL information that contains a party's Source Code; publicly available or open-source source code and technical documentation cannot be designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE.

(b)    Access to a Party's Source Code shall be provided on at least two "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) that are maintained in a secure, locked area. The stand-alone computers shall be connected to a high-speed printer. Each of the stand-alone computers shall further be equipped with two, at least twenty-two inch (22"), widescreen LCD monitors, a full-size keyboard, and a mouse. Source Code shall be made available at a location mutually agreed upon by the receiving and producing parties. The Parties shall not unreasonably refuse a request to offer Source Code for inspection at another location;

(c)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m. local time at the location of the stand-alone computers containing Source Code. Any such requests for inspection shall be made in writing (including email) at least three (3) business days before the requested inspection date, and shall include the name(s) of the person(s) who will inspect the Source Code. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code on the stand-alone computers. The receiving party's outside counsel and/or experts may request that reasonable, commercially available analysis tools appropriate for the type of Source Code produced be installed on the stand-alone computers. The producing Party shall have the burden to move the Court and show that a tool provided by the receiving Party is not a reasonable analysis tool appropriate for the type of Source Code produced. The receiving Party shall be responsible for providing to the producing Party such tools

7

or licenses to such tools at least four (4) business days in advance of the requested inspection.

(e)    The producing Party will produce Source Code in native, computer searchable format, with the filenames and relative filepath structures as they exist in the ordinary course of business intact, on the stand-alone computers as described above.  Minor changes to the source code structure from the native development environment caused by the collection process shall not be deemed a departure from this provision;

(f)    Access  to  Source Code shall be limited to the individuals described herein, and shall not be disclosed to any other individuals, including but not limited to in-house counsel.  Only the following individuals shall have access to Source Code absent the express written consent of the producing Party or further Order of the Court:

    i.    Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

    ii.    Outside consultants, experts, or Technical Advisors[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) pre-approved in accordance with paragraph 17;

    iii.    The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action, provided that court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code, and any Source Code used during a deposition shall be identified by its production number(s); and

    iv.    While testifying at deposition or trial in this action only: (1) any current officer, director or employee of the producing party or original source of the information; (2) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (3) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence, provided that Persons authorized to view Source Code pursuant to sub-paragraph (3)

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

shall not retain or be given copies of the Source Code except while so testifying.

(g)     Each person authorized to access Source Code may use a laptop computer for the sole purpose of typing notes related to source code review. The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room and may maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. However, the producing Party shall not install any keystroke or other monitoring software on any stand-alone computer;

(h)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  Except as expressly provided herein, the receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment, and will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

(i)     A receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein;

(j)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code, including documents reflecting information about Source Code, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." If the producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the producing Party shall object in writing to the receiving Party before the end of the next business day.  The parties shall meet and confer within two (2) business day of any such objection.  If after meeting and conferring the Producing Party and the receiving Party cannot resolve the objection, the objections may be submitted to the Court for resolution within three (3) business days of the meet and confer.  The producing Party shall have the burden to move the Court and show

that the printed portions are excessive and/or not done for a permitted purpose. Contested source code printouts need not be produced to the receiving Party until the matter is resolved by agreement or Court order, provided however that the producing Party's failure to submit its objections to the Court for resolution within the time prescribed above shall be deemed a waiver of those objections, and the requested printouts must be provided within four (4) business days of the meet and confer. Otherwise, the producing Party shall provide copies of all printouts within three (3) business days of printing.

(k)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(l)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code, the receiving Party shall ensure that such outside counsel, consultants, or experts store and view the printouts or photocopies only in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). Any such paper copies shall be maintained at all times in a secure location under the direct control of outside counsel, consultants, or experts responsible for maintaining the security and confidentiality of the designated materials

(m)     The producing Party shall, on request, make one of the standalone computers containing the Source Code, or a secure laptop computer containing the Source Code, available at depositions of witnesses who would otherwise be permitted access to the standalone computers. The receiving Party shall make such requests ten (10) calendar days before the deposition. A producing Party shall make reasonable efforts to comply with such a request made less than ten (10) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production number(s); and

(n)     All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.

12.     The production or disclosure of any information (including documents) in this action that

10

a producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection.   A producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.   If a receiving Party receives information that the receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving Party shall promptly identify the information to the producing Party.   When a producing Party identifies such information as privileged or protected, a receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; 3) shall within five (5) business days of the producing Party's request return to the producing Party or destroy the information and destroy all copies thereof; and 4) shall confirm to the producing Party the destruction under 3) above of all copies of the information not returned to the producing Party.   No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived.   Within three (3) business days after providing notice of the disclosure of information over which privilege has been asserted, the producing Party shall provide a log that describes the basis for the claim that the information is privileged or otherwise protected from disclosure.   Within five (5) business days thereafter, a Party disputing a claim of privilege shall provide in writing the identification of the information for which it questions the claim of privilege and the reasons (including legal support) for its assertion that the information is not privileged, or that any privilege has been waived by

some act other than production.  Within three (3) business days thereafter, the Parties shall meet and confer in good faith as to the claims of privilege.  Within five (5) business days after the meet and confer, and not thereafter, the receiving Party may file a motion to compel the production of the information.  Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

13.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party, provided that a former officer, director or employee of the producing Party or company affiliated with the producing Party shall only be shown DESIGNATED MATERIAL accessible during the period or periods of his employment with the producing Party of affiliated company; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access DESIGNATED MATERIAL. In the event that

12

a non-party is examined or testifies concerning any DESIGNATED MATERIAL pursuant to this paragraph, any person other than the witness, his or her counsel, and any other person who may view DESIGNATED MATERIAL under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to such other persons being present at the examination.  If the witness is represented by counsel who is not permitted to view DESIGNATED MATERIAL under this Order, then prior to the examination, such counsel must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of the DESIGNATED MATERIAL disclosed during the course of the examination. In the event that such counsel declines to sign such a statement prior to the examination, counsel for the Parties, shall jointly seek a protective order from the Court prohibiting counsel for the witness from disclosing DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

14.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY.

15.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal in

accordance with Local Rule 5.4 and shall remain under seal for the time period specified in the Court's Order permitting the sealed filing. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO COURT ORDER ECF#___" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16.    Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as DESIGNATED MATERIAL has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the designation with respect to any document or information contained therein.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.  A party shall not be obligated to challenge the propriety of a designation of any category of DESIGNATED MATERIAL at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the

documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

17.     Each outside consultant, technical advisor, or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the acknowledgment form is attached as Appendix A.

(a)     Information designated by the producing party under any category of DESIGNATED MATERIAL and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel.

(b)     No disclosure of DESIGNATED MATERIAL to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph 17(d), that objection is resolved according to the procedures set forth below.

(c)     A party desiring to disclose DESIGNATED MATERIAL to a technical adviser shall also give prior written notice of the technical adviser by email to counsel of record for the producing Party, and the producing party shall have eight (8) days after such notice is given to object in writing to the disclosure. The party desiring to disclose DESIGNATED MATERIAL to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, employment history for the past ten years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in

15

prosecuting or maintaining, or has any pecuniary interest. No DESIGNATED MATERIAL shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

(d)   A party objecting to disclosure of DESIGNATED MATERIAL to a technical adviser shall state with particularity the ground(s) of the objection. The objecting party's consent to the disclosure of DESIGNATED MATERIAL to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its DESIGNATED MATERIAL to the technical adviser will result in specific business or economic harm to that party.

(e)   If after consideration of the objection, the party desiring to disclose the DESIGNATED MATERIAL to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within eight (8) days of receiving such notice, or within such other time as the parties may agree, for a ruling on its objection. A failure to file a motion within the eight day period, absent an agreement of the parties to the contrary or for an extension of such eight business day period, shall operate as an approval of the technical adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

(f)   The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its DESIGNATED MATERIAL to the technical adviser. This "good cause" shall include a particularized showing that: (1) the DESIGNATED MATERIAL is confidential commercial information; (2) disclosure of the DESIGNATED MATERIAL likely would result in a clearly defined and serious injury to the objecting party's business; (3) the proposed technical adviser is in a position to allow the DESIGNATED MATERIAL to be disclosed to or become known by the objecting party's competitors; and (4) that the technical adviser's access to DESIGNATED MATERIAL may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the technical adviser.

18.   To the extent that any discovery is taken of Third Parties and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by, and to receive the protections afforded a Party under this Order, including by designating documents or other discovery materials "CONFIDENTIAL," "RESTRICTED

16

- ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE", as further outlined below. The Third Parties shall have ten (10) calendar days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" in accordance with this Order.

19.    To the extent that documents or other discovery materials produced in this Action reflect trade secrets, confidential business information, or other proprietary information of a Third Party, such documents or other discovery materials may be designated RESTRICTED – ATTORNEYS' EYES ONLY, and shall be treated in all respects as Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY. A third-party's or nonparty's use of this Protective Order to protect its DESIGNATED MATERIAL does not entitle that third-party or nonparty access to the DESIGNATED MATERIAL produced by any party in this case.

20.    Within sixty (60) days after the later of: 1) dismissal of all claims and defenses in this action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party must return all materials designated by any other producing Party under this Order to the producing Party, or destroy such material, including all copies thereof, and provide to the producing Party a written certification of compliance with this provision. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two

(2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and RESTRICTED – ATTORNEYS' EYES ONLY information for archival purposes only.  Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system.  Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

21.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

22.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

23.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

24.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify

this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action  and (b) to apply for additional protection of DESIGNATED MATERIAL.

25.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's Protected Information pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena or discovery requests are directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

26.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

27.    Nothing in this Protective Order shall preclude or impede outside litigation counsel of

record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

28.  The United States District Court for the Southern District of Florida is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation.

**DONE AND ORDERED** in chambers at Miami, Florida this <u>17th</u> day of July 2020.


KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE


cc:    All Counsel of Record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: CASE NO: 20-21721-CIV-WILLIAMS/TORRES**

FUNDAMENTAL INNOVATION
SYSTEMS INTERNATIONAL LLC,

        *Plaintiff*,

    vs.

BLU PRODUCTS, INC.,

        *Defendant.*

_____

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

    I, _____, declare that:

1.    My address is _____.

        My current employer is _____.

        My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

        understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

        will not disclose to anyone not qualified under the Protective Order, and will use only for

        purposes of this Action any information designated as "CONFIDENTIAL,"

        "RESTRICTED -- ATTORNEYS' EYES ONLY, or "RESTRICTED CONFIDENTIAL

        SOURCE CODE" that is disclosed to me.

21

4.      Promptly upon termination of these actions, I will return all documents and things

designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

22